UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **CARLOS ARMANDO GUARDADO** | **CIVIL ACTION NO. 23-0389** |
| | **SECTION P** |
| **VS.** | |
| | **JUDGE TERRY A. DOUGHTY** |
| **CLAY BENNETT** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

## REPORT AND RECOMMENDATION

Plaintiff Carlos Armando Guardado, a prisoner at Caldwell Correctional Center proceeding pro se and in forma pauperis, filed this proceeding on approximately March 24, 2023, under 42 U.S.C. § 1983. He names Sheriff Clay Bennett as defendant.[1] For reasons that follow, the Court should dismiss Plaintiff's claims.

## Background

Plaintiff claims that Sheriff Clay Bennett intentionally and maliciously retaliated, placing him in lockdown under "very harsh, dangerous, and unsanitary condition[s]" for thirty-six days, because he exercised his First Amendment right and filed administrative grievances. [doc. #s 1, p. 3; 11, pp. 1-2].

Plaintiff explains that on June 1, 2022, he filed a grievance to Deputy Warden Callender, complaining about "living conditions and unsanitary issues in the dorms." [doc. # 1, p. 4]. Callender did not address Plaintiff's concerns. *Id.* On June 13, 2022, Plaintiff submitted a

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636 and the standing orders of the Court.

second-step grievance to Warden Wyles, but he did not receive a response. *Id.* On June 20, 2022, Plaintiff submitted a "final step" grievance to Sheriff Clay Bennett. *Id.*

Plaintiff alleges that nine days after he filed his final grievance, a correctional officer placed him in a lockdown cell at the direction of Sheriff Clay Bennett. [doc. #s 1, p. 4; 11, p. 1]. When Plaintiff asked the officer why he was being placed in lockdown, the officer "went on to reveal details of the grievance [Plaintiff] sent to Sheriff Bennett." [doc. # 1, p. 4]. The officer also told Plaintiff that Sheriff Bennett "felt threatened by [Plaintiff's] grievance and that . . . Sheriff Bennett . . . wanted [Plaintiff] in lockdown." *Id.* at 4. Days later, a second officer told Plaintiff that "it was the sheriff and warden who had placed [him] on lockdown." *Id.* Plaintiff alleges that if he had not "sent a 'grievance final step' [he] would have never been placed in lockdown." [doc. # 11, p. 1].

Plaintiff writes: "After twenty-four (24) days of being in lockdown and not being able to communicate with my family or the administration at this facility, I decided . . . to go on a hunger strike . . . ." [doc. # 1, p. 5]. After the seventh day of his hunger strike, Major Hatten informed him that "Sheriff Bennett and Warden Wyles had made the call to keep [him] in lockdown until they felt like letting [him] out." *Id.*

As above, Plaintiff remained in lockdown for thirty-six days, from June 29, 2022, to August 4, 2022. [doc. # 1, pp. 3, 5]. He was "housed in a very tiny cell with six (6) other inmates." *Id.* at 3. The cell had two beds and was allegedly "designed to house two inmates[.]" *Id.* He was given a one-half-inch-thick mattress for eight hours each day. He had to lie or sit "on a bare floor" the remaining hours of each day. *Id.* at 3-4. He was not allowed to see sunlight, communicate with his family, or have his Bible. *Id.* at 4. He was only allowed to shower once or twice each week. *Id.* He was "bitten by insects and ants" many times. *Id.* He

was also denied medical attention.[2] *Id.* His time in lockdown caused him mental anguish and fear. *Id.* at 5.

Plaintiff states that other inmates were released from segregation after "serving a week or two of the sentence imposed[,]" regardless of the offense they committed. [doc. # 11, p. 1]. Even inmates convicted of sex offenses against female staff, beating others, or stealing from others were released "a week or two after being put in segregation." *Id.* As above, however, Plaintiff remained in the cell for thirty-six days "even though [he] was never convicted of violating any prison rule" and was not a threat to security. *Id.* at 1-2. He "was never written up for threatening Mr. Bennet[.]" [doc. # 11, p. 1]. Major Hatten did report Plaintiff for abusing the administrative remedy procedure, but Plaintiff "was never convicted." *Id.*

Plaintiff claims: "Mr. Bennett's main purpose for placing me in lockdown was not to discipline me for the threats he claims I made in my complaint. His objective, by placing me in lockdown, was to intimidate me enough to where I would not want to exercise my first Amendment [sic] and would stop filing grievances on the living conditions at this facility." [doc. # 11, p. 1].

Plaintiff seeks a transfer to another facility and $80,000.00 in compensation for "mental anguish and fear due to the retaliation taken against" him. [doc. #s 1, p. 5; 11, p. 2]. Plaintiff does not seek injunctive or any other relief.

## Law and Analysis

**1. Preliminary Screening**

Plaintiff is a prisoner who has been permitted to proceed in forma pauperis. As a

---

[2] Plaintiff does not seek relief for any denial of medical care. [doc. # 11, p. 3].

prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.[3] *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir. 1998) (*per curiam*). Because he is proceeding in forma pauperis, his Complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Id.*

A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); accord *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). Plausibility does not equate to possibility or probability; it lies somewhere in between. *Id.* Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim.

---

[3] Under 28 U.S.C. § 1915(h), "'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

4

*Twombly*, 550 U.S. at 556.

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal, supra.* A well-pled complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable and that recovery is unlikely. *Twombly, supra*.

In making this determination, the court must assume that all the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). However, the same presumption does not extend to legal conclusions. *Iqbal, supra*. A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id*. "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp*, 632 F.3d 148, 152-53 (5th Cir. 2010). Courts are "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted). Consistent with the standard above, a "[S]ection 1983 complaint must state specific facts, not simply legal and constitutional

5

conclusions." *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990).

**2. Transfer**

Plaintiff asks the Court to transfer him to a different facility. [doc. # 1, p. 5]. A prisoner, however, has no constitutional right to be housed in any particular facility or transferred from one facility to another, even if conditions and amenities in one may be preferable to another. *Olim v. Wakinekona*, 461 U.S. 238, 245-46 (1983); *Fuselier v. Mancuso*, 354 F. App'x 49, 2009 WL 3780729, at *1 (5th Cir. Nov. 12, 2009). "The Due Process Clause does not, by itself, endow a prisoner with a protected liberty interest in the location of his confinement." *Yates v. Stalder*, 217 F.3d 332, 334 (5th Cir. 2000); *Meachum v. Fano*, 427 U.S. 215, 225 (1976) ("[T]he State may confine [a prisoner] and subject him to the rules of its prison system so long as the conditions of confinement do not otherwise violate the Constitution.").

Moreover, in Louisiana, "any individual subject to confinement in a state adult penal or correctional institution shall be committed to the Department of Public Safety and Corrections and not to any particular institution within the jurisdiction of the department. The secretary of the department may transfer an inmate from one such facility to another, insofar as the transfer is consistent with the commitment and in accordance with treatment, training, and security needs established by the department." LA. REV. STAT. §15:824(A).

Here, as Plaintiff has no federal constitutional right to be transferred to, or confined in, a place of his choosing, and because Plaintiff's placement lies solely in the purview of the Department of Public Safety and Corrections, the Court should dismiss his request for a transfer.

**3. Limitation on Recovery Under 42 U.S.C. § 1997e(e)**

Aside from his request for a transfer, Plaintiff seeks only monetary relief for "mental anguish and fear due to the retaliation taken against" him. [doc. #s 1, p. 5; 11, p. 2].

Under 42 U.S.C. § 1997e(e), "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18)." "[I]t is the nature of the relief sought, and not the underlying substantive violation, that controls: Section 1997e(e) applies to all federal civil actions in which a prisoner alleges a constitutional violation, making compensatory damages for mental or emotional injuries non-recoverable, absent physical injury." *Geiger v. Jowers*, 404 F.3d 371, 375 (5th Cir. 2005). "The 'physical injury' required by § 1997e(e) 'must be more than de minimus [sic], but need not be significant.'" *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999) (*quoting Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997)).

Here, Plaintiff "brought" this action while incarcerated at Caldwell Correctional Center,[4] and he seeks monetary compensation for only mental, emotional, or de-minimis physical injuries.

Plaintiff does state that he was "bitten by insects and ants" many times, but he does not state that he suffered any injury from the bites. He does not plausibly describe any greater-than-de-minimis physical injury.[5] Nor does he allege that he was a victim of a "sexual act" as defined in 18 U.S.C. § 2246. Thus, he may not recover monetary relief for any mental, emotional, or de-minimis physical injuries. Moreover, he does not describe any other injury or damage

---

[4] [doc. # 1, p. 2].

[5] *See Herman v. Holiday*, 238 F.3d 660, 666 (5th Cir. 2001) (noting where the plaintiff endured "insect problems," that the plaintiff "was not entitled to an award of money damages" because he did not "allege a physical injury resulting therefrom."); *see generally Stanberry v. Coahoma Cnty. Jail*, 2009 WL 1766819, at *1 (N.D. Miss. June 22, 2009) ("A rash cause by ant bites, as described by the Plaintiff, can hardly rise to the level of the physical injury necessary to warrant relief under § 1983.").

7

compensable by monetary relief.[6]

Accordingly, the Court should dismiss Plaintiff's request for compensation. As Plaintiff does not seek any other cognizable relief, the Court should dismiss his claims.

### Recommendation

For the reasons above, **IT IS RECOMMENDED** that Plaintiff Carlos Armando Guardado's claims be **DISMISSED** as frivolous and for failing to state claims on which relief may be granted.

**IT IS FURTHER RECOMMENDED** that Plaintiff's motion for appointed counsel, [doc. # 10], be **DENIED AS MOOT**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

---

[6] As Plaintiff does not assert claims for any other cognizable relief, the undersigned does not reach an analysis of the substantive merits of his claims, which might otherwise survive initial review.

In Chambers, Monroe, Louisiana, this 26th day of June, 2023.

_____
Kayla Dye McClusky
United States Magistrate Judge